**Petition of FORTE.**
**Nat. No. 283464.**

United States District Court
D. Massachusetts.
June 20, 1949.

Enrico Cappucci, East Boston, Mass., for petitioner.

Maurice Gerrig, Examiner, Immigration and Naturalization Service, for government.

## WYZANSKI, District Judge.

The issue in this case is whether for the five years preceding the filing on January 24, 1945 of his petition for naturalization Forte was "attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States" as required by § 307 of the Nationality Act of 1940, 54 Stat. 1142, 8 U.S.C.A. § 707(a). The evidence was given on two Court days, and both Forte and the Government declined the opportunity offered by the Court's Order of June 8, 1949 to give further evidence.

Forte was born in Italy in 1908. After elementary schooling he became an apprentice of his father, a brickmaker, and later an employee in a tailoring establishment. In 1930 he was conscripted into the Italian army. Before he left military service he joined and paid dues to the Fascist party, of which he was not an officer nor an active member. On return to civil life he was again a tailor until he was drafted into service in the Italian army in the Ethiopian War, 1935 to 1937. Thereafter he again returned to tailoring. He never joined a Fascist tailoring corporation. In 1939 he married an American citizen. In the same year they migrated to the United States where Forte became first a dishwasher and then a tailor. Here he and his wife have had two American born children. All the family has been law-abiding. Since his arrival in the United States Forte has not joined or maintained ties with any political, social or economic organization except an American trade union for tailors. During the war he bought United States Defense Bonds. He has tried to learn American history and discuss it with his children.

On November 17, 1941, when he was discouraged at his employment opportunities, he wrote to the Italian who had acted as godfather of his first child a letter which was lawfully intercepted by the British authorities in Bermuda and was diverted by them to the United States naturalization authorities. In it he adversely commented on American materialism, American taxes and American food and concluded with these sentences in Italian: "I hope that this war will soon end with the victory of the Axis, that my idea is to return to Italy * * * I hope that the victory be of the Axis only for one thing—to cause to disappear those Jews who are destroying the world".

The petitioner, of course, has the burden of showing that he satisfies the statutory requirements of naturalization. United States v. Schwimmer, 279 U.S. 644, 49 S.Ct. 448, 73 L.Ed. 889; Stasiukevich v. Nicolls, 1 Cir., 168 F.2d 474. Forte would plainly satisfy that burden by the evidence he has offered (through his statutory witnesses before the Immigration Service and through his own testimony in Court) of his good outward behavior, his interest in American history and his purchase of Government bonds in war time, were it not for two factors which are pressed by the Naturalization Service as counter-balancing considerations.

The first is his membership in the Fascist party in Italy. That is, in my view, not entitled to any weight whatsoever, not merely because he joined the Fascist party when he was subject to military pressure and because he was not active in it in Italy but because he maintained no ties with the party after he came to the United States. Our law does not require that a man shall be attached to our Constitution more than five

years before his petition when he was living abroad under another system without any thought of coming here.

The Government's second point is that the letter of November 17, 1941 shows that within the statutory five year period Forte desired to return to Italy, wished the Axis to win the war and expressed extreme hostility to Jews. Forte's 1941 desire to return to Italy must be estimated in the light of the difficult economic position in which he then was. Many newcomers to every land are discouraged at the outset and think of returning to their native land. That homesickness rather than love of Fascism seems to have been his dominant mood. It would be absurd to hold that a man cannot become a citizen unless he liked America better than his homeland from the start. Indeed a change of view as one gets to know the country is perhaps a positive indication of attachment to our way of life.

The expression in November 1941 of a desire that the Axis should win antedated our involvement in World War II. It was a statement of sympathy with Forte's homeland, not with the Fascist party which was not anti-semitic at that time. Whatever else it may prove, it does not show lack of attachment to our Constitution, for at the least our Constitution permits freedom of expression in peace time as to which of two groups of countries shall win a war in which they and not we are engaged. Executive proclamations of national emergency did not alter that basic freedom.

The statement about the Jews (whether it refers, as seems likely, only to European Jews or to all Jews) is, to be sure, not consistent with the American ideal of the brotherhood of man as phrased in the famous clauses of the Declaration of Independence or in the Fifteenth Amendment to the United States Constitution. But it is important to emphasize that the statement was in a private letter to one who was almost a relative. It fell into the hands of the authorities by accident. It finds no known parallel in any public utterance or action of Forte. There is no showing that Forte took any hostile action against any of his neighbors of any faith. And under our Constitution and laws that is the principal test. For we Americans accept as Constitutional doctrine "the principle that a man's loyalty to the state should be judged, like his loyalty to God, from his actions only—namely, from his charity towards his neighbors". [Spinoza, Tractatus Theologico–Politicus, chap. xx. Eng. trans. by A. G. A. Balz, "Writings on Political Philosophy, by Benedict de Spinoza", (1937) p. 67].

An order shall issue forthwith allowing Forte to take the oath of allegiance after the period for appeal to the Court of Appeals has expired, unless prior to that date the Government takes an appeal. The form of this order is designed to avoid the difficult issues of denaturalization which Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, suggests would arise if the oath had been administered before the appeal.